# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**DOTTIE J. NEW and RALPH NEW,**

    **Plaintiffs,**

v.                                **CIVIL ACTION NO.: 5:23-CV-00628**
                                       **HONORABLE FRANK W. VOLK**

**JUSTIN L. FARIS;**
**SUMMERS COUNTY SHERIFF'S**
**DEPARTMENT;**
**SUMMERS COUNTY COMMISSION;**
**and JOHN DOES,**

    **Defendants.**

## DEFENDANTS', SUMMERS COUNTY COMMISSION, SUMMERS COUNTY SHERIFF'S DEPARTMENT AND JUSTIN FARIS, ANSWER TO PLAINTIFFS' COMPLAINT

**NOW COME** the Defendants, Summers County Commission, Summers County Sheriff's Department and Justin L. Faris (hereinafter sometimes referred to as "Defendants"), by counsel, Drannon L. Adkins and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, without waiving any defenses, and hereby answers the Complaint filed by the Plaintiffs herein, Dottie J. New and Ralph New (hereafter "Plaintiffs").

## GENERAL RESPONSE AND PREAMBLE

This responsive pleading has been prepared, served, and filed by counsel for these Defendants under the Federal Rules of Civil Procedure. As permitted by Rule 8(e)(2), defenses to the claims made in the Complaint are being asserted alternatively and, in some cases, hypothetically. Defenses are being asserted regardless of apparent consistency and are based both on legal and equitable grounds.

As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the Federal Rules of Civil Procedure. No discovery has been conducted to date in the above-captioned civil action. In order to preserve important legal rights and

protection, these Defendants set forth below certain affirmative defenses which, based upon the information set forth in the Complaint, they believe do or may apply to some or all of the claims raised therein. These Defendants reserve the right to withdraw, modify or amend some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

## ANSWER

1. Answering Paragraph 1 of Plaintiffs' Complaint, these Defendants deny Defendant Faris illegally entered Plaintiffs' residence, deny they broke a door and bedroom lock, and deny they did not have a search warrant or arrest warrant; further, these Defendants state the remaining matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

2. Answering Paragraph 2 of Plaintiffs' Complaint, these Defendants are without sufficient information to either admit or deny the county in which Plaintiffs' reside; deny that Defendant Does were employed by the Summers County Sheriff's Department/Summers County Commission; state that the matters asserted in Sentences 2 and 3 of Paragraph 2 of Plaintiffs' Complaint represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied; further, these Defendants deny the remaining statements and allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Answering Paragraph 3 of Plaintiffs' Complaint, these Defendants deny that they illegally entered Plaintiffs' residence and deny that Defendant Does were employed by the Summers County Commission; further, these Defendants state that the remaining matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein,

they are denied.

4.     Answering Paragraph 4 of Plaintiffs' Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

## COUNT I – VIOLATIONS OF FOURTH AMENDMENT
## TO UNITED STATES CONSTITUTION/EXCESSIVE FORCE/ILLEGAL ENTRY

5.     In response to Paragraph 5 of Plaintiffs' Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 4 of Plaintiffs' Complaint, contained herein above.

6.     Answering Paragraph 6 of Plaintiffs' Complaint, these Defendants deny they illegally entered Plaintiffs' residence and used force; these Defendants are without sufficient information to either admit or deny Plaintiff was threatened as Defendant Faris did not enter Plaintiffs' residence; however, to the extent that these allegations may be construed against these Defendants, Defendants deny the same; further, these Defendants state that the matters asserted in Sentence 3 of Paragraph 6 of Plaintiffs' Complaint represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied. Additionally, these Defendants are without sufficient information to either admit or deny Plaintiff's house, furniture and items were destroyed and/or in shambles as Defendant Faris did not enter Plaintiffs' residence; however, to the extent that these allegations may be construed against these Defendants, Defendants deny the same. Answering Sentence 5 of Paragraph 6 of Plaintiffs' Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by

way of admission or denial; however, to the extent any factual allegations are contained therein, the same are denied based upon a lack of knowledge or information sufficient to determine their truth as Defendant Faris did not enter the residence. These Defendants are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint, as Defendant Faris did not enter Plaintiffs' residence.

7. Answering the first and last sentences of Paragraph 7 of Plaintiffs' Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; further, these Defendants state they are without sufficient information to either admit or deny the remaining statements and allegations contained in Paragraph 7 of Plaintiffs' Complaint, as Defendant Faris did not enter Plaintiffs' residence.

8. Answering Paragraph 8 of Plaintiffs' Complaint, these Defendants state that the matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

9. These Defendants deny the statements and allegations contained in Paragraph 9 of Plaintiffs' Complaint.

**COUNT II – VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO *BIVENS V. SIX UNKNOWN NAMED FEDERAL GENTS OF THE FEDERAL BUREAU OF NARCOTICS***

10. In response to Paragraph 10 of Plaintiffs' Complaint, these Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 9 of Plaintiffs' Complaint, contained herein above.

11. Answering Paragraph 11 of Plaintiffs' Complaint, these Defendants deny Defendant Faris illegally entered Plaintiffs' residence, deny they broke a door and bedroom lock, and deny they did not have a search warrant or arrest warrant; further, these Defendants state the remaining matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

12. Answering Paragraph 12 of Plaintiffs' Complaint, these Defendants are without sufficient information to either admit or deny the county in which Plaintiffs' reside; deny that Defendant Does were employed by the Summers County Sheriff's Department/Summers County Commission; state that the matters asserted in Sentences 2 and 3 of Paragraph 12 of Plaintiffs' Complaint represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied; further, these Defendants deny the remaining statements and allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13. Answering Paragraph 13 of Plaintiffs' Complaint, these Defendants deny that they illegally entered Plaintiffs' residence and deny that Defendant Does were employed by the Summers County Commission; further, these Defendants state that the remaining matters asserted represent legal conclusions that do not require a response by way of admission or denial; however, to the extent any factual allegations are contained therein, they are denied.

14. Answering the WHEREFORE paragraph of the Plaintiffs' Complaint, these Defendants state that the Plaintiffs are not factually, legally, or equitably entitled to the relief prayed for.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendants deny that the Plaintiffs are entitled to an award of compensatory and punitive damages from these Defendants.

### SECOND DEFENSE

These Defendants deny that they are liable individually to the Plaintiffs for the claims asserted in this civil action.

### THIRD DEFENSE

These Defendants are immune from any claim for punitive damages asserted in Plaintiffs' Complaint.

### FOURTH DEFENSE

These Defendants deny that Plaintiffs' Complaint states a claim for punitive damages and move this Court to dismiss Plaintiff's claims for punitive damages against these Defendants.

### FIFTH DEFENSE

These Defendants assert that they are entitled to qualified, statutory and/or good faith immunity from liability because these Defendants acted lawfully in all actions taken by them with regard to the Plaintiffs.

### SIXTH DEFENSE

These Defendants are entitled to qualified, statutory and/or good faith immunity from liability because the conduct of the Defendants, at all times relevant hereto, did not violate any clearly established statutory or constitutional rights of the Plaintiffs of which a reasonable person should have known.

## SEVENTH DEFENSE

These Defendants enjoy absolute immunity from liability in this civil action.

## EIGHTH DEFENSE

These Defendants specifically assert all common law, statutory and constitutional immunities afforded them under State and Federal law, including West Virginia §29-12A-1 et seq.

## NINETH DEFENSE

No custom or policy of the Summers County Commission, Summers County Sheriff's Department caused the deprivation of any of the Plaintiffs' rights or caused the Plaintiffs any damages complained of in Plaintiffs' Complaint.

## TENTH DEFENSE

These Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure and further reserve the right to raise such additional defenses as may appear appropriate following further factual development in this case.

## ELEVENTH DEFENSE

These Defendants did not breach any duty owed to the Plaintiffs.

## TWELFTH DEFENSE

These Defendants are immune from liability as, at all times relevant hereto, they acted within the good faith performance of their official duties.

## THIRTEENTH DEFENSE

The Plaintiffs' claims are barred by her failure to mitigate damages, if any.

## FOURTEENTH DEFENSE

To the extent any of the following affirmative defenses are applicable based upon the evidence adduced in these matter, these Defendants invoke the following defenses: accord and satisfaction, advice of counsel, arbitration and award, contributory negligence, comparative negligence, assumption of the risk, intervening cause, waiver, estoppels, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, collateral estoppel, statute of frauds, expiration of the statute of limitations, sophisticated user, State of the Art, any applicable statute of repose, lack of personal or subject matter jurisdiction, and any other matter constituting an avoidance or affirmative defense.

## FIFTEENTH DEFENSE

Defendants, not being fully advised of the circumstances surrounding the allegations set forth in Plaintiffs' Complaint, reserve the right to amend this answer to assert any and all other defenses, affirmative or otherwise, which may prove to be applicable as discovery proceeds and the evidence is developed in this case.

## SIXTEENTH DEFENSE

That the alleged damages, of which the Plaintiffs complain, were caused by the misconduct of Plaintiffs or acts of others over which these Defendants had no control.

## SEVENTEENTH DEFENSE

Defendants are immune from suit because their conduct was not in contravention of any clearly established Constitutional right or privilege of the Plaintiffs.

### EIGHTEENTH DEFENSE

That no custom, usage, policy, practice, acts, or omissions of these Defendants caused a deprivation of Plaintiffs' rights, including any civil rights.

### NINETEENTH DEFENSE

These Defendants deny that Defendants can be held liable for any acts or omissions of the other Defendants as alleged by the Plaintiffs in their Complaint.

### TWENTIETH DEFENSE

These Defendants deny that they are liable to the Plaintiffs in any amount or that the Plaintiffs are otherwise entitled to recovery and/or the relief sought from these Defendants in the Plaintiffs' Complaint.

### TWENTY-FIRST DEFENSE

For a separate and distinct defense, these Defendants state that they did not perform any wrongful acts or omissions as alleged by the Plaintiffs.

### TWENTY-SECOND DEFENSE

Plaintiffs have failed to state a claim against the Summers County Sheriff's Office, Summers County Commission and Justin L. Faris.

### JURY DEMAND

Defendants respectfully demand a trial by jury on all issues so triable.

### PRAYER

**WHEREFORE,** Defendants, Summers County Commission, Summers County Sheriff's Department, and Justin L. Faris, having fully answered Plaintiffs' Complaint, pray that Plaintiffs recover nothing from these Defendants; that these Defendants recover their costs, expenses of suit, and a reasonable attorney's fee made necessary in defending

this Complaint; and for such other and further relief, whether legal or equitable in character, as to which these Defendants may be entitled.

**SUMMERS COUNTY COMMISSION, SUMMERS COUNTY SHERIFF'S DEPARTMENT, AND JUSTIN L. FARIS,**
By Counsel,

*/s/ Drannon L. Adkins*
Drannon L Adkins, WVSB No. 11384

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**DOTTIE J. NEW and RALPH NEW,**

      **Plaintiffs,**

v.                                       **CIVIL ACTION NO.: 5:23-CV-00628**
                                         **HONORABLE FRANK W. VOLK**

**JUSTIN L. FARIS;**
**SUMMERS COUNTY SHERIFF'S**
**DEPARTMENT;**
**SUMMERS COUNTY COMMISSION;**
**and JOHN DOES,**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, Summers County Commission, Summers County Sheriff's Department and Justin L. Faris, do hereby certify on this **8th** day of **January 2024**, that a true copy of the foregoing ***"Defendants', Summers County Commission, Summers County Sheriff's Department, and Justin L. Faris, Answer to Plaintiffs' Complaint"*** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing.

                                       Paul M. Stroebel
                                       PO Box 2582
                                       Charleston, WV 25329
                                       *Counsel for Plaintiffs*

                                       ***/s/ Drannon L. Adkins***
                                       Drannon L Adkins, WVSB No. 11384

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545